**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4998**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID WILLIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00277-RJC-DCK-1)

Submitted: March 26, 2010          Decided: April 15, 2010

Before GREGORY and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Willis was convicted by a jury of soliciting murder using a facility of interstate commerce and promising payment, in violation of 18 U.S.C. § 373; and using a facility of interstate commerce with the intent that murder for hire be committed, in violation of 18 U.S.C. § 1958. The district court sentenced Willis to 210 months' imprisonment, a sentence at the bottom of the Sentencing Guidelines range. Willis appeals, raising three issues: (1) the district court committed plain error by failing to instruct the jury on entrapment; (2) the district court erred by not granting Willis a new trial based on allegedly false testimony from a Government witness; and (3) the district court imposed a procedurally unreasonable sentence. We affirm.

This case revolved around Willis' plot to kill his ex-wife. At trial, the Government played Willis' incriminating recorded statements made to a confidential informant. The most important evidence at trial came from Willis' own statements. The key conversation between Willis and the informant Parker took place inside Willis' truck. During the October 2007 conversation, Willis indicated that he planned to kill his ex-wife to avoid sharing his pension from the United States Postal Service. At one point, Willis stated:

> I already decided it's either her or me, and I'll pop a cap in my own head before I live like this. I can't stand 30 more years at the post office. I need to retire and enjoy life while I can. And I've thought about this and cussed about this and dreamed about this and it's sad, but you know me. I'm as cold hearted as you are. (Supplemental Joint Appendix ("S.J.A.") at 13).

During the conversation, Willis said that he would pay the informant to arrange for a hit man. Willis also indicated that he would kill her himself, if the hit man was not available. "I already know how I'd do it," Willis said, describing a plan to spike a drink with antifreeze. (S.J.A. at 15). Willis said he learned about the method from Court TV and would put the antifreeze in a drink left by a woman on his ex-wife's mail route. "Three days later, it doesn't matter where I'm at. She's gonna have stomach pains and get a little funny and they take her to the hospital. She croaks and it hits you, boom, kidney failure." (S.J.A. at 16).

After summarizing his poisoning plan, Willis nevertheless agreed that having someone else murder his ex-wife "would be the best way." (S.J.A. at 17). Willis asked if he could trust the hit man "to get the job done," but declined to meet him, stating "I don't want anything to do with it if I can help it. If not, I'm gonna do it myself. She's gonna drink some antifreeze. See I've got old antifreeze that's old . . . I tasted it myself; it is as sweet as cherry juice." (Id.).

Entrapment occurs when (1) the government induces a person to commit a crime and (2) the person induced had no predisposition to engage in the criminal act. Mathews v. United States, 485 U.S. 58, 63 (1988). In order to establish inducement, a defendant must show that the government acted in an excessive manner that would prompt a reasonably firm person to commit a crime. See United States v. DeVore, 423 F.2d 1069, 1072 (4th Cir. 1970). If the defendant establishes a prima facie case of inducement, the government then must show that the defendant's decision to commit the crime was the product of his own disposition that did not originate from government persuasion. See United States v. Osborne, 935 F.2d 32, 38 (4th Cir. 1991). A defendant is entitled to an entrapment defense whenever there is sufficient evidence from which a reasonable jury could find entrapment. Mathews, 485 U.S. at 62.

Because Willis did not request an entrapment instruction, this Court's review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Willis must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, the Court may exercise its discretion to notice the error only if the error "seriously affects the fairness,

4

integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks, alteration and citation omitted).

We find the trial court did not err, plain or otherwise, in failing to give an entrapment instruction because the evidence did not warrant such an instruction. Willis initiated the discussion about killing his ex-wife, devised a plan, and suggested he would kill his ex-wife, regardless of the informant's involvement. Thus, Willis' argument that the informant initiated and encouraged the plot does not counter the evidence of Willis' overt predisposition to have his ex-wife murdered, as demonstrated by Willis' statements reflecting his planning and preparation.

We review a district court's denial of a Rule 33 motion for a new trial for abuse of discretion. United States v. Smith, 451 F.3d 209, 216-17 (4th Cir. 2006). Under Napue v. Illinois, 360 U.S. 264 (1959), a defendant is denied due process if the prosecutor knowingly offers or fails to correct false testimony. A Napue claim requires a showing of the falsity and materiality of testimony and the prosecutor's knowledge of its falsity. Perjury offered under these circumstances is material if "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). We find no abuse of discretion as one of two alleged perjured

5

statements was not clearly inconsistent and the other alleged perjured statement was not material.

After United States v. Booker, 543 U.S. 220 (2005), this Court reviews a sentence for reasonableness, and "whether inside, just outside, or significantly outside the Guidelines range," this Court applies a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This Court first must "ensure that the district court committed no significant procedural error." Id. at 51. Only if the sentence is procedurally reasonable, can this Court evaluate the substantive reasonableness of the sentence, again using the abuse-of-discretion standard. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

In determining whether the district court committed any significant procedural error, this Court looks to any failure in the calculation (or the improper calculation) of the Guidelines range, the treatment of the Guidelines as mandatory, the failure to consider § 3553(a) factors, the selection of a sentence using clearly erroneous facts, and any failure to adequately explain the chosen sentence, including any deviation from the advisory Guidelines range. Gall, 552 U.S. at 51. This Court applies a presumption of reasonableness on appeal to a properly calculated, within-Guidelines sentence. Rita v. United States, 551 U.S. 338, 352-53 (2007); see United States v. Allen,

6

491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable."). Even if this Court would have imposed a different sentence, this fact alone will not justify vacatur of the sentence. United States v. Evans, 526 F.3d 155, 162 (4th Cir. 2008).

Willis claims the district court imposed a procedurally unreasonable sentence because it incorrectly found that Willis was not remorseful for his conduct and that Willis had not accepted responsibility for his conduct. Willis claims the district court's statements were tantamount to punishing him for exercising his right to trial.

We find the district court did not impose a procedurally unreasonable sentence. After observing Willis' statement at sentencing, the court made a finding that Willis was not remorseful and, instead, blamed his situation on the informant. If anything, Willis was sorry for the situation that he got himself into, but he did not express any remorse over the finding that he intended to kill his wife. We also note the district court sentenced Willis at the bottom of the properly calculated Guidelines range. Thus, the sentence imposed is presumptively reasonable. Moreover, while Willis offered a number of mitigating facts in support of a lower sentence, the district court properly weighed these facts when considering the 18 U.S.C. § 3553(a) factors. In particular, the district court

7

expressed its concern about the seriousness of the offense, which it described as "as serious as it gets." (Joint Appendix at 476).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>